UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE ROBINSON, | : |
| Petitioner | : |
| | : CIVIL ACTION NO. 3:13-3055 |
| v. | : |
| | : (Judge Mannion) |
| JOHN KERESTES, *et al.* | : |
| Respondents | : |

**MEMORANDUM**

Petitioner, Dwayne Robinson, an inmate currently confined in the Mahanoy State Correctional Institution, Frackville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He challenges the denial of his parole by the Pennsylvania Board of Probation and Parole ("the Board"). The petition is ripe for consideration, and, for the reasons that follow, the Court will deny the petition.

**I. Background**

On June 22, 1994, after having been found guilty of Robbery, Possessing Instruments of a Crime and Criminal Conspiracy, Petitioner was sentenced by the Philadelphia County Court of Common Pleas, in Case No. CP-51-CR-626151-1993, to a term of incarceration of four years six months

to twelve years on the Robbery charge; one to four years for Possessing Instruments of a Crime, to run consecutively to the Robbery charge; and one to four years incarceration for Criminal Conspiracy, to run concurrent to the Robbery and Possessing Instruments of Crime charges. (Doc. 10-1 at 2-6, Commonwealth of Pennsylvania v. Robinson, CP-51-CR-626151-1993, Criminal Docket Sheet).

On September 25, 2001, Petitioner was released on parole to a Community Corrections Center. (Id. at 8-11, Notice of Board Decision).

By Notice of Board Decision issued May 2, 2003, the Board recommitted petitioner to a state correctional institution as a Technical Parole Violator, to serve ten months back time for multiple technical violations. (Id. at 13, Notice of Board Decision). On April 7, 2004, the Board modified their action of May 2, 2003 by rescinding the review portion and recommitting Petitioner as a Convicted Parole Violator to serve six months concurrently for a total of ten months back time. (Id. at 16, Notice of Board Decision). The concurrent six months was for a conviction to the offense of driving under the influence of alcohol. Id. On April 23, 2004 the Board recommitted Petitioner as a Technical and Convicted Parole Violator, to serve a total of ten months back time. (Id. at 18, Notice of Board Decision).

On August 3, 2004, the Board re-paroled Petitioner to an approved plan

subject to special conditions. (Id. at 20-21, Notice of Board Decision).

On April 13, 2007, the Board issued a decision to detain Petitioner pending disposition of criminal charges as a result of Petitioner having been arrested on February 13, 2007 by Reading Police Department. (Id. at 24, Notice of Board Decision).

On December 20, 2007, the Board recommitted Petitioner to a state correctional facility as a Convicted Parole Violator to serve six months back time for the offense of theft from a motor vehicle. (Id. at 26, Notice of Board Decision).

On March 18, 2008, Petitioner was re-paroled to an approved release plan. (Id. at 28-30, Notice of Board Decision).

On February 25, 2009, the Board issued a decision to detain the Petitioner pending disposition of criminal charges due to Petitioner's arrest by Reading Police Department on January 22, 2009. (Id. at 32, Notice of Board Decision).

On November 2, 2009, the Petitioner was recommitted to a state correctional institution as a Convicted Parole Violator to serve twelve months back time, when available pending Parole/Completion of Petitioner's Berks County conviction for Theft from a Motor Vehicle. (Id. at 35, Notice of Board

Decision).

On November 16, 2009, the Board issued a decision referring to its November 2, 2009 decision and recommitted Petitioner as a CPV to serve twelve months back time. (Id. at 37, Notice of Board Decision).

By Notice of Board Decision dated September 30, 2010, the Board denied Petitioner re-parole. (Id. at 39, Notice of Board Decision).

On December 7, 2011, the Board re-paroled Petitioner. (Id. at 41-42, Notice of Board Decision).

On July 27, 2012, in response to Petitioner's May 3, 2012 arrest by the Reading Police Department, the Board issued a decision to detain Petitioner pending disposition of criminal charges. (Id. at 44-45, Notice of Board Decision). Petitioner was recommitted as a Technical Parole Violator to serve six months back time when available pending resolution of the outstanding criminal charges. (Id.).

On April 3, 2013, Petitioner was recommitted to a state correctional institution as a Technical Parole Violator to serve six months back time. (Id. at 47, Notice of Board Decision).

By Notice of Board Decision dated October 21, 2013, the Board denied Petitioner re-parole, stating its reasons as follows:

>Your risk and needs assessment indicating your level of risk to the community.
>
>Your prior unsatisfactory parole supervision history.
>
>Your failure to demonstrate motivation for success.
>
>You are to be interviewed in or after September, 2014.
>
>At your next interview, the Board will review your file and consider:
>
>>Whether you have maintained a favorable recommendation for parole from the Department of Corrections.
>>
>>Whether you have maintained a clear conduct record.
>
>You may file an application for parole/reparole no sooner than 1 year after the date of the last decision denying parole/reparole was recorded.

(Id. at 49, Notice of Board of Decision).

On December 19, 2013, Robinson filed the instant action in which he alleges the Board "violated [his] substantive Due Process rights when they denied [him] parole. (Doc. 1, petition). He claims that the Board's "reasons are unjustifiable." Id.

## II. Discussion

The Constitution does not by itself give a convict a liberty interest in parole protected by the Fourteenth Amendment.[1] Geenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979); Thorpe v. Grillo, 80 Fed. Appx. 215, 219 (3d Cir.2003). While the states may create a liberty interest under the Fourteenth Amendment, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rodgers v. Parole Agent SCI- Frackville, Wech, 916 F. Supp 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993). The Board has complete discretion to grant or deny parole, without constraint from any particularized substantive predicates. 61 Pa.C.S.A. §331.21.

Although a prisoner is eligible for parole at the end of his minimum term, nothing in Pennsylvania law or the United States Constitution requires a prisoner to be released at such time.[2] However, the United States Court of

---

[1] The Fourteenth Amendment does not require due process unless the state interferes with a protected liberty or property interest. Ohio Adult Parole Auth. v. Woodward, 523 U.S. 272, 279-286 (1998); Kentucky Dept. Of Corrections v. Thompson, 490 U.S. 454, 459, 460 (1989); Hewitt v. Helms, 459 U.S. 460, 466-71 (1983).

[2] The existence of a state parole system alone does not create a constitutionally-protected interest. Board of Pardons v. Allen, 482 U.S. 369,

Appeals for the Third Circuit has held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id. Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. Id. Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." Id. at 236 n.2.

In Morrissey v. Brewer, 408 U.S. 471 (1972), the United States Supreme Court addressed a habeas petition filed by a state inmate who alleged that he had not received due process during parole revocation

---

373 (1987).

procedures. The Court recognized that a federal court should not upset a decision of a state parole board unless the determination is based on constitutionally impermissible reasons such as race, religion, or ethnicity or rendered in the absence of the following due process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole.

Id. at 488-89; Burkett v. Love, 89 F.3d 135, 140 (3d Cir. 1996) (stating that no liberty interest is created by the expectation of parole). Further, state action is valid if it is rationally related to a legitimate state interest. Bell v. Wolfish, 441 U.S. 520, 539, 540 (1979); Rogin v. Bensalem Twp., 616 F.2d 680, 689 (3d Cir. 1980), cert. denied, 450 U.S. 1029 (1981). This relationship exists as long as it "might be thought" that the state's action was a rational way to solve a problem. Williamson v. Lee Optical of Oklahoma, 348 U.S. 483, 488 (1955); Sammon v. N.J. Bd. of Med. Examiners, 66 F.3d 639, 645 (3d Cir. 1995).

    Pennsylvania law grants the Parole Board vast discretion to refuse or deny parole. See 61 Pa.C.S.A. §331.21. The statute provides:

> The Board is hereby authorized to release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to said board ... whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby.... Said board shall have the power during the period for which a person shall have been sentenced to recommit one paroled for violation of the terms and conditions of his parole and from time to time reparole and recommit in the same manner and with the same procedure as in the case of an original parole or recommitment ...

The law also authorizes the Board, in its discretion, to consider various factors, similar to those considered in Petitioner's case, in granting or denying parole. See 61 Pa.C.S.A. §331.19.[3] Pennsylvania courts have affirmed the Board's complete discretion to parole a convict. See e.g., Rogers v. Bd. of Prob. & Parole, 724 A.2d 319 (Pa.1999); Weaver v. Bd. of Prob. & Parole, 514 A.2d 967, 971 (Pa. Commw.1986); Reider v. Bd. of Prob. & Parole, 514 A.2d 967 (Pa. Commw.1986). The convict has no right to reparole. Counts v.

---

[3]Section 331.19 provides in relevant part:
It shall be the duty of the board...to consider the nature and circumstances of the offense committed, any recommendations made by the trial judge and prosecuting attorney, the general character and background of the prisoner.... The board shall further cause the conduct of the person while in prison and his physical, mental and behavior condition and history, ... his complete criminal record, as far as the same may be known, to be reported and investigated.

Bd. of Prob. & Parole, 487 A.2d 450 (Pa. Commw.1985). "Federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

Furthermore, the Board is the sole determiner whether an inmate is rehabilitated and able to serve the remainder of his sentence on parole. Myers v. Ridge, 712 A.2d 791, 794 (Pa.Cmwlth. 1998) ("It is for the Board alone to determine whether or not a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of prison."); Carter v. Muller, 45 F.Supp.2d 453, 457 (E.D. Pa., 1999) quoting 61 P.S. §331.19 ("considering a prisoner's participation in treatment is entirely consistent with the Parole Board's duty to 'procure information as full and complete as may be obtainable with regard to the character, mental characteristics, habits, antecedents, connections, and environment' of the prospective parolee."); see also Weaver v. Pennsylvania Bd. of Probation and Parole, 688 A.2d 766, 775 (Pa.Commw.Ct. 1997) ('the Board's requirement that he receive treatment and be 'cured' prior to being released on parole ... is a legitimate requirement imposed by the Board to ensure that a prisoner is suitable for parole").

Robinson does not allege that he was denied parole on the basis of his race, religion or ethnicity. As previously noted, it has been repeatedly recognized that Pennsylvania state law does not confer its inmates with a legally protected interest in parole eligibility. Consequently, it cannot be concluded that the Board's decisions to deny Robinson parole was based on constitutionally impermissible reasons. To the contrary, the reasons cited are factors that the Board was statutorily required to consider in accordance with the Prisons and Parole Code at 61 Pa C.S. §6135. Those statutory factors include: the nature and circumstances of the offense committed, the general character and background of the inmate, the conduct of the person while in prison, the physical/mental/behavioral condition and history of the inmate, as well as an inmate's complete criminal record. Id. Consequently, the petition for writ of habeas corpus will be denied. An appropriate Order will be entered.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:** April 22, 2016
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-3055-01.wpd